Filed 5/29/26  P. v. Perryman CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>DAVID PERRYMAN,<br><br>          Defendant and Appellant. | A171206<br><br>(San Francisco City & County Super. Ct. No. CRI-2264717) |

After a jury convicted defendant David Perryman of carjacking and second degree robbery of three victims and possession of drug paraphernalia, the trial court sentenced him to a prison term of 29 years eight months, which included an upper term sentence on one of the carjacking counts. Fifteen years later, defendant sought resentencing under Penal Code section 1172.1.[1]  The trial court recalled the sentence and commitment, held a resentencing hearing, and resentenced defendant to 24 years eight months, striking a five-year enhancement but otherwise maintaining the prior sentence, including the upper term on the carjacking conviction, on the basis of two aggravating circumstances.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Defendant maintains that in finding the aggravating circumstances, the trial court violated his Sixth Amendment jury trial right. We agree the trial court erred in this respect, although note it ruled in this case without the benefit of recent high court authority addressing the scope of the right to jury trial in this context. We therefore reverse and remand for a full resentencing hearing.

## BACKGROUND

The facts of the underlying offenses are set forth in our prior opinion, and we need not repeat them at length here. (*People v. Perryman* (Nov. 22, 2011, A126765) [nonpub. opn.].)[2] The offenses arose out of three separate carjacking incidents, which occurred over the course of 17 days in April 2005. (*Ibid.*)

In April 2006, the San Francisco County District Attorney filed an indictment charging defendant with three counts of carjacking (§ 215—counts 1, 3, & 5), three counts of robbery (§ 212.5, subd. (c)—count 2, 4, & 6), one count of possession of drug paraphernalia, a misdemeanor (Health & Saf. Code, § 11364—count 7), and one count of possession of burglary tools, a misdemeanor (§ 466—count 8). The indictment also alleged a prior conviction for second degree robbery as a serious felony and as a strike (§§ 667, subds. (a), (d) & (e), 1170.12, subds. (b) & (c)) and three prior prison terms (former § 667.5, subd. (b)).

Three years later, a jury convicted defendant as charged on all counts except count 8 (possession of burglary tools), in which they were unable to

---

    [2] On our own motion, we take judicial notice of the record in case No. A126765. (Evid. Code, §§ 452, 459.)

reach a verdict.[3]  Defendant admitted one prior strike, one prior serious felony conviction, and three prior prison terms.

The court sentenced defendant to 29 years eight months in prison, which included the aggravated term of nine years doubled to 18 years on count 3, middle terms of three years four months doubled to a total of six years eight months on counts 1 and 5, and five years for the prior serious felony conviction.  The court sentenced defendant to 180 days in county jail, with credit for time served on count 7, stayed the sentences on counts 2, 4, and 6 pursuant to section 654, and dismissed two prior prison terms.[4]

In May 2024, 15 years after being sentenced, defendant, in propria persona, filed a request to be resentenced pursuant to section 1172.1, citing several ameliorative changes in the law.  The trial court appointed counsel. In his memorandum of points and authorities in support of his request, defendant asserted, among other things,[5] that legislative changes now required imposition of the low term because he had experienced psychological, physical, or childhood trauma, which was a contributing factor to his offense.

Defendant also maintained the upper term was "not available here because no aggravating factors were pled or proven."  (Boldface omitted.) Defendant acknowledged a sentencing court may consider prior convictions if proven by a certified record of conviction.  But he objected to any use of the

---

[3]  The court subsequently granted the People's motion to dismiss count 8 pursuant to section 1385.

[4]  Defendant appealed, and this court affirmed the judgment.  (*People v. Perryman, supra,* A126765.)

[5]  Defendant also sought relief due to legislative changes in section 1385 (discretion to impose prior strikes) and under the California Racial Justice Act (Stats. 2020, ch. 317, § 1; § 745).

3

original probation report, which was not a certified record of conviction "in its entirety, and particularly to the non-specific nature of information about alleged prior adjudications and conviction[s]."

Additionally, defendant claimed several mitigating factors were applicable and maintained these outweighed aggravating factors.

At the resentencing hearing, defense counsel argued the Legislature contemplated that if a court elected to recall and resentence the defendant pursuant to section 1172.1, it was obligated to make a "meaningful modification" of the sentence, such as ordering the defendant's "immediate release, [or] earlier release," or "entitlement to review by the Board of Parole Hearings." Counsel further argued that defendant, who was then 61 years old, was entitled to be resentenced and released because of his "substantial rehabilitation" efforts, including founding the "Prisoners Against Violence Union," which he hoped to make "a proper nonprofit, upon release." There were also "a number of" additional mitigating factors, including the lack of any disciplinary violations within the past seven years and a "host of health complications," making it unlikely he "represents a risk to public safety at this time." Finally, counsel observed there were "implications with the California Racial Justice Act, based on statements that the prosecutor made during sentencing." Counsel urged the "easiest" means for the court to make a "meaningful modification" to defendant's sentence was to "just adopt the low term" on the principal carjacking count which would result in his release from prison.

The People opposed recall in general and specifically opposed defendant's release from prison.

Two of the victims also opposed resentencing. The prosecutor read a statement from one of these victims, stating she still had "PTSD from that

4

violent assault." The other spoke at the hearing, recounting the carjacking in detail—defendant swung a "manhole cover" at her car window multiple times shattering her window, dove headfirst into the car, punched her "over and over" while telling her to " 'Get the fuck out the car, bitch.' " When she tried to unbuckle her seatbelt, defendant "kept hitting the right side of [her] head." She finally got unbuckled, opened the car door, and "rolled out of the car" into oncoming traffic where she "almost got ran over." Despite years in therapy, the victim still had "panic attacks and bad anxiety." Defendant had never "admitted his crimes," he had "never been remorseful or apologetic," and he was "over 40 years old when this happened."

The third victim felt "satisfied with the time that Mr. Perryman had served."

The court disagreed with defense counsel that its obligation was "to ensure [defendant's] immediate release," and then asked, "if I'm going to consider the mitigating factors that you've told me to change the upper term to a midterm or the like, do I not also need to consider the aggravating factors, based on the full-trial record?" Counsel responded, "if you do believe that you need to read the entire record to see if there's those aggravating circumstances, those weren't pled or even considered by the jury. And I appreciate that you may have to look at what a reasonable jury would see in that situation. [¶] But given the interest[s] of justice that militate, I believe for Mr. Perryman's release, you can get it through other means than my primary request."

The court granted the request to recall and resentence, explaining defendant "has done significant rehabilitative work, while he's been in custody. Specifically, he founded an organization to affirm nonviolence and to encourage other CDCR inmates to rehabilitate and to commit to a

5

nonviolent path." The court also credited "that he has suffered significant medical issues, while in custody, including a triple bypass." Defendant had also "complied with prison rules, as evidenced by his lack of disciplinary violations," and he was now 61 years old. The court commented "it does seem to me today very unlikely on the same record and with the same mitigating factors that [defendant] would receive a nearly 30-year" sentence. However, continued the court, "I do believe that the 24-year, 8-month prison sentence, a third of a lifetime, does represent accountability for these crimes," giving "strong consideration" to his victims, two of whom wanted his original sentence to stand. Finally, the court gave "strong consideration" to the highly questionable language the prosecutor had used in his sentencing memorandum.[6]

The court struck the five-year enhancement but declined to sentence defendant to the midterm for the carjacking, stating his "prior criminal history, 4.421(b)(3) of the [California] Rules of Court and the fact that he was on parole when the charged crimes were committed, Rule of Court 4.421(b)(3) [sic] are factors that weigh strongly in favor of the upper term and are factors that I can consider, even absent a jury finding about the aggravated—other aggravating factors and even absent review of the entire record."[7] The court

_____

[6] The People's original sentencing memorandum referred to defendant as " 'a dangerous animal that must be caged for life.' " At the resentencing hearing, the parties disagreed whether this statement was a violation of the Racial Justice Act. Regardless, the trial court stated in no uncertain terms, "respecting the dignity and humanity of every defendant and following the guidance of California's Racial Justice Act require[s] me to give strong consideration to use of that language here." Defendant does not claim on appeal that the modified sentence imposed by the court violates the Racial Justice Act.

[7] All further rule references are to the California Rules of Court.

considered striking the five-year enhancement a meaningful modification to defendant's sentence and resentenced him to 24 years eight months, which included the upper term on the carjacking count. The court ended by asking counsel if there was "anything further" that it needed to address. Defense counsel did not identify any pending issue.

**DISCUSSION**

***Resentencing Pursuant to Section 1172.1***

"A trial court generally loses resentencing jurisdiction once execution of the sentence has begun. [Citation.] Because of this 'rule precluding postjudgment motions,' a trial court generally lacks jurisdiction to hear one unless 'the Legislature has expressly authorized' the motion. [Citations.]

"Before 2022, section 1170, subdivision (d), allowed a court to recall a sentence and resentence the defendant at any time upon a request from the Secretary of California's Department of Corrections and Rehabilitation or certain other government officials. [Citation.] The request served as an invitation to the court to exercise equitable jurisdiction, and section 1170, subdivision (d), furnished that jurisdiction. [Citation.] The court had 'broad discretion' in deciding whether to resentence. [Citation.] A trial court, however, could recall the sentence on its own motion only within 120 days of the defendant's commitment. [Citation.]

"Effective January 1, 2022, the Legislature amended the resentencing provision and placed it in section 1172.1. The amendments were intended to clarify 'procedural requirements' and created a presumption in favor of resentencing once a request was filed. [Citations.] Procedural clarifications included requirements that the trial court state on the record the reasons for granting or denying resentencing, and that the court hold a hearing before any denial. (§ 1172.1, subd. (a)(7), (8).)

7

"Effective January 1, 2024, the Legislature [further] amended section 1172.1 to expand the court's ability to recall and resentence a defendant on its own motion. [Citations.] Now, a court still may recall a sentence on its own motion within 120 days of commitment for any reason 'rationally related to lawful sentencing.' [Citation.] But it also may recall the sentence on its own motion 'at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law.' (§ 1172.1, subd. (a)(1).) This recall-and-resentencing 'may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case.' (*Ibid.*)

"Section 1172.1 permits a trial court to apply changes in law even where the Legislature has not made a change retroactive. Yet the law does not allow a court to recall-and-resentence where the applicable sentencing laws have not 'changed' since the last sentencing. (§ 1172.1, subd. (a)(1).) If the court can and does resentence, though, the proceeding is not limited to the change in the law. Rather, the defendant is resentenced 'in the same manner as if they had not previously been sentenced . . . provided the new sentence, if any, is no greater than the initial sentence.' (*Ibid.*) As in most postconviction proceedings, the court 'has jurisdiction to modify every aspect of the defendant's sentence.' (§ 1172.1, subd. (c)(2).) As in any sentencing, the prosecution has a right to oppose relief. (See § 1171, subd. (d).) A victim of the crime has the chance to be heard. (See § 1172.1, subd. (a)(8).)" (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 694–695, fn. omitted.) With this framework in mind, we now turn to the change in law at issue in this case.

### Imposition of High Term Pursuant to Section 1170

Under the Sixth Amendment to the United States Constitution, "any fact that exposes a defendant to a greater potential sentence must be found

8

by a jury, not a judge, and established beyond a reasonable doubt. . . ." (*Cunningham v. California* (2007) 549 U.S. 270, 281.)  Effective January 1, 2022, Senate Bill No. 567 (2021–2022 Reg. Sess.) amended section 1170, subdivision (b) to limit a court's discretion to impose the upper term of a sentencing triad.  (Stats. 2021, ch. 731, § 1; *People v. Lynch* (2024) 16 Cal.5th 730, 757, 773 (*Lynch*).)  As amended, section 1170 provides, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. . . ."  (§ 1170, subd. (b)(2); see *People v. Wiley* (2025) 17 Cal.5th 1069, 1078 (*Wiley*).)

Thus, as the United States Supreme Court has recently emphasized, "[v]irtually 'any fact' that ' "increase[s] the prescribed range of penalties to which a criminal defendant is exposed" ' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." (*Erlinger v. United States* (2024) 602 U.S. 821, 834 (*Erlinger*).)  And as our own high court has recently explained, under the current version of section 1170, subdivision (b)(2), "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established." (*Lynch, supra,* 16 Cal.5th at p. 768.)

Defendant maintains the trial court erred here by finding two aggravating factors.  Specifically, he contends the court erred in relying on his "prior criminal history" and the "fact that he was on parole when the

charged crimes were committed," because both findings assertedly violate the holdings of *Erlinger* and *Lynch*.

### *Forfeiture*

The Attorney General maintains defendant has forfeited his Sixth Amendment challenge because he made no objection on this ground to the aggravated sentence the trial court imposed.

Assuming, without deciding, forfeiture applies, we nevertheless choose to exercise our discretion to reach defendant's Sixth Amendment challenge given our Supreme Court's recent opinions in *Lynch* and *Wiley* clarifying the scope of the right to jury trial with respect to aggravating factors. (See *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 ["An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party."].)

### *Trial Court Erred in Imposing the Upper Term Sentence*

At the start of the resentencing hearing, the trial court began by noting the statutorily required postconviction factors considered in resentencing.[8]

---

[8]  Section 1172.1, subdivision (a)(5) lays out several factors the trial court must consider in determining whether to resentence defendant. That section provides, "In recalling and resentencing pursuant to [section 1172.1], the court shall consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice. Evidence that the defendant's incarceration is no longer in the interest of justice includes, but is not limited to, evidence that the defendant's constitutional rights were violated in the proceedings related to the conviction or sentence at issue, and any other evidence that undermines the integrity of the underlying conviction or sentence. . . ."

10

Following argument by defense counsel and the prosecutor, and hearing testimony of the victims, the trial court took a recess to consider the matter. On retaking the bench, the court discussed at some length its resentencing decision. The court reviewed the myriad facts that had been presented, which included defendant's mental health and drug addiction history, the profound and long-lasting effect of the crime on the victims, the "significant rehabilitative" work done by defendant, that defendant "has suffered significant medical issues, while in custody, including a triple bypass," defendant's compliance with prison rules, as evidenced by his lack of disciplinary violations, his age (then 61 years old), the "offensive language" in the prosecutor's sentencing memorandum in the underlying record, and the victims' views on whether the sentence should remain the same. After weighing this evidence, the court resentenced defendant to 24 years eight months, striking the five-year enhancement in the interest of justice but reimposing the upper term sentence on one of the carjacking counts.

In imposing the upper term sentence, the court identified as aggravating factors: defendant's "prior criminal history, 4.421(b)(3) of the Rules of Court and the fact that he was on parole when the charged crimes were committed, Rule of Court 4.421(b)(3) are factors that weigh strongly in favor of the upper term and are factors that I can consider, even absent a jury finding about the aggravated—other aggravating factors and even absent review of the entire record." It is unclear whether the trial court correctly cited to rule 4.421. If it considered the extent of defendant's criminal history, i.e., the number of prior convictions, the proper reference was to rule 4.421(b)(2) ("prior convictions . . . are numerous"). If it determined defendant had "served a prior term in prison or county jail," which is not what the court actually said on the record, then it properly cited to rule 4.421(b)(3). It

11

appears the court was clearly mistaken in citing to rule 4.421(b)(3) in taking into account that defendant was on parole when the charged crimes were committed. That factor is set forth in rule 4.421(b)(4) ("The defendant was on probation, mandatory supervision, postrelease community supervision, or parole when the crime was committed."). Regardless of the confusion as to its rule of court references, it is clear the trial court erred in finding defendant "was on parole when the charged crimes were committed," as our Supreme Court recently explained in *Wiley, supra,* 17 Cal.5th 1069.

Section 1170, subdivision (b)(3) provides an exception to the mandate that all facts underlying an aggravated sentence must be found by a jury or stipulated to by the defendant. This subdivision states, "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury" (§ 1170, subd. (b)(3)) and is considered the state counterpart to the federal exception set forth in *Almendarez-Torres v. United States* (1998) 523 U.S. 224, for findings regarding a defendant's prior convictions. (*Wiley, supra*, 17 Cal.5th at pp. 1085–1086.)

In *Erlinger*, the United States Supreme Court recently reemphasized the narrowness of the *Almendarez-Torres* exception, stating "[w]e have reiterated," "to the point of 'downright tedium,' " that a "judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of,' " and nothing else. (*Erlinger, supra*, 602 U.S. at p. 838.)

Our own high court then stated in *Lynch* that, " '[v]irtually "any fact" ' that increases 'a defendant's exposure to punishment . . . must "be submitted to a jury" and found unanimously and beyond a reasonable doubt.' " (*Lynch, supra*, 16 Cal.5th at pp. 761–762.) This rule sweeps in " ' "[m]any of the

aggravating circumstances described in the rules" ' " of Court because they " ' "require an imprecise quantitative or comparative evaluation of the facts." ' " (*Id.* at pp. 775–776.)

Our Supreme Court further clarified in *Wiley* what this means with respect to the scope of section 1170, subdivision (b)(3) and the aggravating factors based on the "increasing seriousness" of a defendant's prior convictions (rule 4.421(b)(2)) and "unsatisfactory" "performance on probation" (rule 4.421(b)(5)). The court held these inquiries involved "something more than a narrow factual finding that the convictions were sustained and what elements were required to prove them," and thus these aggravating factors cannot be considered by the sentencing court unless found true by a jury or stipulated to by the defendant. (*Wiley, supra*, 17 Cal.5th at pp. 1082–1083, 1085.)

Our high court expressly did not decide in *Wiley* whether a sentencing court can, on the basis of a certified record of conviction, determine that a defendant's prior convictions are "numerous" (rule 4.421(b)(2)). (*Wiley, supra*, 17 Cal.5th at p. 1085, fn. 9 [declining to decide whether trial court's "numerical tally" of the defendant's prior convictions—"at least four prior felonies"—falls within the *Almendarez-Torres* exception].)

It appears that one of the two aggravating factors the trial court relied on here was the extent of defendant's criminal record, or stated another way, simply the numerical tally of his convictions. In our view, this aggravating factor entails only "a narrow factual finding that the convictions were sustained" (*Wiley, supra*, 17 Cal.5th at p. 1082) and does not entail any " ' "imprecise quantitative or comparative evaluation of the facts" ' " (*Lynch, supra*, 16 Cal.5th at pp. 775–776), and therefore can be permissibly found by a trial court under subdivision (b)(3) of section 1170.

13

However, even assuming the trial court could properly find defendant's prior convictions were numerous, an issue we do not decide, it also found defendant committed the crimes of which he was convicted while on parole (rule 4.421(b)(4)). This was error as our Supreme Court explained in *Wiley*— because a finding that the defendant was on parole when he committed the charged offense would require proof that he was ordered to serve a term of parole in a prior case, and that he remained on parole at the time he committed the current offense. (*Wiley, supra*, 17 Cal.5th at p. 1083.) These facts "go beyond the mere existence of a prior conviction and its elements." (*Ibid.*) Accordingly, a defendant is entitled to have a jury determine whether they are true beyond a reasonable doubt. (*Id.* at pp. 1083–1084.)

The trial court therefore erred in finding as an aggravating factor that defendant was on parole at the time he committed the offenses of which he was convicted. And in light of this error, the new sentence violates defendant's Sixth Amendment jury trial right. (*Lynch, supra*, 16 Cal.5th at p. 768 ["a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established"].)

### *The Sentencing Error Was Prejudicial*

A Sixth Amendment sentencing violation "is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with current statutory requirements." (*Lynch, supra*, 16 Cal.5th at p. 768; *Wiley, supra*, 17 Cal.5th at p. 1087.) Otherwise, "applying the *Chapman* [*v. California* (1967) 386 U.S. 18] standard of review, the defendant is entitled to a remand for resentencing." (*Lynch,* at p. 768.) If

14

prejudice is found as to any one aggravating factor, reversal is required and it is unnecessary to address the additional factors relied upon by the trial court. (*Id*. at pp. 775–776.)

The Attorney General maintains any error by the trial court was not prejudicial. He argues defendant's "past criminal convictions and his parole status when he committed the instant crimes" are "circumstances a jury would certainly have found true beyond a reasonable doubt. After all, [he] admitted a prior strike conviction, a prior serious felony, and three prior prison terms, and one of his previous victims identified him at trial and testified that he had beaten and robbed her in 2002, an incident which he had pleaded guilty to robbery. Too, appellant was on parole when he committed the instant offenses, an easily documented fact."

Defendant contends "the record lacks any evidence supporting the aggravating circumstances relied upon by the trial court." He observes, for example, that the Attorney General provides no citation to the underlying record or to the resentencing record in support of his nonprejudicial error argument, and further points out the trial court made no mention of what evidentiary matters she considered in finding defendant's "prior criminal history" and "the fact that he was on parole when the charged crimes were committed" warranted an aggravated term.

While the Attorney General seemingly dismisses the lack of references to the record, we do not agree that he can meet the *Chapman* nonprejudicial error standard simply by asserting a defendant's criminal record and parole status are "easily" proved. Indeed, if those facts are always so easily proved, we question why the prosecution did not put such evidence before the resentencing court—and specifically the record of conviction as required by section 1170, subdivision (b)(3). In any case, given the lack of evidentiary

15

citations, "we cannot conclude beyond a reasonable doubt that a jury would have found the unproven aggravating factors true beyond a reasonable doubt. . . ." (*People v. Gonzalez* (2024) 107 Cal.App.5th 312, 332; *ibid.* [resentencing record did "not provide any indication that any evidence was offered regarding the nonproven factors apart from Gonzalez's prior probation report from his original sentencing proceedings"; and while the prosecution indicated it would be "providing a certified rap sheet containing information regarding Gonzalez's prior convictions and criminal history," the record contained "no indication that this document was ever provided to the court or relied on in the court's final sentencing decision"].)

### *Remaining Claims Are Moot*

Given our conclusion that the trial court's aggravated factor findings cannot, on this record, be sustained and were prejudicial, we need not, and do not, reach any other arguments advanced by the parties, including defendant's belatedly raised section 654 argument. Upon remand, defendant may make his argument regarding which counts should be stayed.[9]

### DISPOSITION

The case is remanded to the trial court to resentence defendant in accordance with Penal Code section 1170, subdivision (b). On remand, the court may reconsider the entirety of its sentencing decision in light of the statutes now in effect, including Penal Code section 654. In all other respects, the judgment is affirmed.

---

[9] Defendant also filed a petition for writ of habeas corpus (*In re Perryman* (Apr. 7, 2025, A172888), which we deferred pending this appeal. Given our disposition herein, we deny the habeas corpus petition by separate order.

_____
Banke, J.

We concur:


_____
Humes, P. J.


_____
Smiley, J.


A170206. People v. Perryman

17